UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RECLAIM IDAHO, a political action committee, and LUKE MAYVILLE,<br><br>    Plaintiffs,<br><br>    v.<br><br>BRADLEY LITTLE, in his official capacity as the Governor of Idaho, and LAWERENCE DENNEY, in his official capacity as Idaho's Secretary of State,<br><br>    Defendants. | Case No. 1:20-cv-00268-BLW<br><br>**ORDER DENYING MOTION TO STAY** |

On June 23, 2020, the Court heard oral argument on Plaintiffs' Expedited Motion for Preliminary Injunction. Dkt. 2. At the close of arguments, the Court orally granted the motion. A written order was subsequently filed to set forth the facts, circumstances, and legal framework the Court considered in conducting its analysis of the motion and in fashioning relief. Dkt. 14.

In its oral pronouncement and written order, the Court applied the test set out by the Ninth Circuit in *Angle v. Miller,* to conclude that the State's refusal, in the face of a global pandemic, to extend the statutory deadline and permit online

**ORDER DENYING MOTION TO STAY – 1**

solicitation and gathering of signatures to have a citizen's initiative placed on the 2020 ballot amounts to an unconstitutional burden on the Plaintiffs' First Amendment rights. *See* 673 F.3d 1122, 1132 (9th Cir. 2012). Based on that determination, the Court concluded that Plaintiff had established it is likely to succeed on the merits, it will suffer irreparable harm in the absence of preliminary relief, the balance of the equities tips in its favor, and an injunction is in the interests of the public.

The Court acknowledged in its decision that the issue of an appropriate remedy was challenging. Ultimately, however, the Court concluded that the State could either certify the signatures already gathered are sufficient to have the initiative placed on the 2020 ballot, or could allow Reclaim Idaho an additional 48-days to gather signatures through online solicitation and submission. The Court's order gave the State until Friday, June 26, 2020 to choose between the two alternative remedies.

The State declined the Court's invitation and, instead, filed a Notice and Motion to Stay Pursuant to F.R.C.P. 62(d) and F.R.A.P. 8. Dkt. 16. The State's motion challenges the Court's decision, and requests that the Court stay the effect of its decision pending an appeal.

Unless the Court orders otherwise, "an interlocutory or final judgment in an action for an injunction" is not stayed after being entered, even if an appeal is

**ORDER DENYING MOTION TO STAY – 2**

taken. Fed. R. Civ. P. 62(c)(1). Federal Rule of Civil Procedure 62(d) governs injunctions pending an appeal. The rule provides that, "[w]hile an appeal is pending from an interlocutory order or final judgment that grants or refuses to modify an injunction" the Court may "suspend, modify, restore, or grant an injunction" on "terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d). Thus, Rule 62(d) affords the Court discretion when a party requests a stay of an injunction pending appeal.

A stay pending appeal overlaps with the function of a preliminary injunction—each prevents "some action before the legality of that action has been conclusively determined." *Nken v. Holder*, 556 U.S. 418, 428-29 (2009). "A stay is an 'intrusion into the ordinary processes of administration and judicial review.'" *Id.* at 427 (citing *Virginia Petroleum Jobbers Assn. v. FPC*, 259 F.2d 921, 925 (C.A.D.C.1958) (per curium). Accordingly, a stay pending resolution on appeal "is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Virginian R. Co. v. United States*, 272 U.S. 658 (1926).

Here, the Court will exercise its discretion to deny the State's motion. Simply put, staying the effect of the Court's decision will deny the Plaintiffs an effective remedy.  There is a narrow window of opportunity to provide Reclaim Idaho and the State the time necessary to establish the process and protocol for gathering signatures on-line and then provide Recall Idaho with the requested 48-

**ORDER DENYING MOTION TO STAY – 3**

days to complete the on-line solicitation and gathering of signatures. Granting a stay of the Court's decision would effectively prevent Reclaim Idaho from having its initiative placed on the 2020 general ballot, and thereby deny it the remedy required by the First Amendment.

## ORDER

**IT IS ORDERED that:**

1. Defendants' Notice And Motion To Stay Pursuant To F.R.C.P. 62(D) and F.R.A.P. 8 (Dkt. 16) is **DENIED**.

DATED: June 29, 2020

B. Lynn Winmill
U.S. District Court Judge

**ORDER DENYING MOTION TO STAY – 4**